B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>R. Keith Johnson, Trustee for the<br>bankruptcy estate of CAAMS, LLC | **DEFENDANTS**<br>CAAMS, LLC, Caams MRO SERVICES, INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>R. Keith Johnson<br>1275 S. Hwy. 16, Stanley, NC 28164<br>(704) 827-4200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $150,000.00 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CAAMS, LLC | BANKRUPTCY CASE NO.<br>15-31778 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitley |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*R. Keith Johnson* | | |
| DATE<br><br>November 9, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>R. Keith Johnson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **CAAMS, LLC** | ) | **CASE NO. 15-31778** |
|            **Debtor.** | ) | **CHAPTER 7** |
| ———————————————— | ) | |
| | ) | |
| **R. KEITH JOHNSON, Trustee for the bankruptcy** | ) | |
| **estate of CAAMS, LLC** | ) | **ADV. PROC. NO. _____** |
|            **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT TO AVOID TRANSFER,** |
| | ) | **AND FOR JUDGMENT** |
| **CAAMS, LLC, Caams MRO SERVICES, INC.** | ) | |
| | ) | |
|            **Defendant.** | ) | |
| ———————————————— | ) | |

      **THE PLAINTIFF**, complaining of the Defendant, alleges and says as follows:

      1.      On 11 November 2015 CAAMS, LLC (hereinafter "CAAMS" or "the Debtor") filed a voluntary Chapter 7 bankruptcy case in this Court.

      2.      R. Keith Johnson was duly appointed as Trustee for the bankruptcy estate of the Debtor.

      3.      This is a core proceeding to set aside a transfer of property of the Debtor, and for judgment, and the Bankruptcy Court is authorized to enter final and dispositive orders.

      4.      Prior to filing its Chapter 13 case, the Debtor was involved in the business of buying and selling, repairing, and refurbishing aircraft at a location in Rutherfordton, North Carolina.

      5.      In connection with the operation of its business prior to filing, the Debtor maintained an inventory of aircraft parts that it used in its business.

      6.      On or about March, 2014, approximately eight months prior to filing, the Debtor transferred to Caams MRO Services, Inc. (hereinafter "MRO") its parts inventory having a value of approximately $150,000.

      7.      Upon information and belief, MRO has paid nothing for the inventory transferred to it by the Debtor.

      8.      The transfer by the Debtor to MRO of the parts inventory valued at $150,000 was without adequate consideration.

      9.      The Debtor was insolvent at the time of the transfer of the parts inventory to MRO.

      10.      Since March, 2014, MRO has had use and possession of the parts inventory and, upon information and

belief, has sold and disposed of at least parts of the inventory.

WHEREFORE, the Plaintiff prays that the Court set aside the transfer of the parts inventory to the Defendant, and that judgment be entered in favor of the Plaintiff and against the Defendant for the sum of $150,000.00, plus interest at the applicable federal rate from and after the date of filing of this Complaint.

This the 9th day of November, 2017.

/s/ R. Keith Johnson
R. Keith Johnson, Trustee
and attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200